ATKINSON v. HIRES.

1. A sheriff having an execution against the mortgagor of chattels may levy upon and sell them, provided he does not profess to sell clear of the mortgage, and does not deliver possession to the purchasers.
2. If the mortgagee notify the sheriff of his claim, the sheriff, after the sale, must retain the goods in subservience to such claim.
3. The law will infer, in the absence of contrary evidence, that the officer's conduct was legal, and the naked fact that the sheriff about to sell goods mortgaged said, at a time not defined, and under circumstances not disclosed, "that if any one bid at his sale he would get the property," is not sufficient to show that his conduct was tortious.

In trover.    On case certified from the Salem Circuit Court.

Argued at February Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *W. T. Hilliard.*

For the defendant, *M. H. Stratton.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This was a suit by the owner of a chattel mortgage against the sheriff, who had levied an execution on the mortgaged property. The action was in trover, and the only proof of a conversion was the fact of the levy and a declaration made by the sheriff before the sale "that if any one bid he would get the goods." It likewise appeared that prior to the sale the sheriff was notified by the plaintiff of his lien upon the chattels.

In this state of the evidence, I think the plaintiff should have been nonsuited. There was no sufficient proof of a conversion. The officer holding an execution against the mortgagor of the chattels had a right to levy upon them, and to put them up for sale. Such acts were not an invasion of the

rights of the mortgagee. The plaintiff was bound to make out a tort on the part of the officer, and he failed to do this by showing merely a levy and sale. As the legal inference, in the absence of a contrary indication, will be in favor of the legality of the conduct of the sheriff, it must be assumed that in making this sale the rights of the plaintiff were respected. It was the duty of the defendant to sell only the interest of the defendant in execution in the articles levied on, and it was further his duty, as the mortgagee had notified him of his claim upon them, to subject them to the power of such claimant upon the conclusion of the sale. It would have been an infringement upon the rights of the mortgagee for the sheriff to have attempted to sell the property at his sale, clear of the mortgage, or to have permitted the purchaser to take possession of it. If he did either of such acts it was incumbent on the plaintiff to prove it, for in the absence of proof, the law will intend propriety of conduct in the officer. That the sheriff said before the sale " that whoever bid would get the goods," is a circumstance too insignificant to raise up a reasonable ground for the imputation of misconduct on the part of the defendant. It does not appear when, or to whom, or under what circumstances such declaration was made, so that it is impossible to say that by such an expression more was meant than that bidders would acquire in the articles sold the title of the mortgagor. If the defendant, in point of fact, ostensibly sold more than such title, or delivered the possession of the chattels sold to the bidders, it was easy for the plaintiff to show it. This he did not do, and consequently failed to prove the commission of any tort by the defendant. The rights and liabilities of an officer, when he levies upon and sells mortgaged chattels, are defined with care and accuracy in the case of *Woodside* v. *Adams*, 11 *Vroom* 429, and according to the principles there propounded it is clear that this defendant, so far as this evidence shows, did no wrong to this plaintiff.

The Circuit Court should be advised that judgment as in case of a nonsuit should be entered in this case.